**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

PATRICK FLANAGAN,

                Plaintiff,

                                            Case No. 8:15-cv-1542-T-JRK

vs.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                Defendant.
_____/

## **OPINION AND ORDER**[1]

### **I. Status**

Patrick Flanagan ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying his claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is a result of "[c]hronic lower back problems, depression, anxiety, [and problems related to his] sciatica[.]" Transcript of Administrative Proceedings (Doc. No. 10; "Tr." or "administrative transcript"), filed September 11, 2015, at 44, 55, 208. On July 20, 2011, Plaintiff filed an application for DIB, alleging an onset disability date of September 1, 2010. Tr. at 170-71. Plaintiff's application was denied initially, see Tr. at 44-53, 54, 91-96, and upon reconsideration, see Tr. at 55-66, 67-68, 98-103.

On May 3, 2013, an Administrative Law Judge ("ALJ") held a hearing during which the ALJ heard testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). Tr. at 8-43. On September 25, 2013, the ALJ issued a Decision finding Plaintiff not disabled and denying Plaintiff's claim. Tr. at 72-84. Plaintiff then requested review by the

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 9), filed September 11, 2015; Reference Order (Doc. No. 11), entered September 14, 2015.

Appeals Council. Tr. at 6. On April 23, 2015, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. On June 29, 2015, Plaintiff commenced this action under 42 U.S.C. § 405(g), by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

Plaintiff raises two issues on appeal. The first issue has two parts: (1) whether the ALJ erred in "mischaracterizing" an opinion provided by examining physician Bhupendra Kumar Gupta, M.D. regarding the amount of sitting, standing, and walking Plaintiff can do, and (2) whether that alleged mischaracterization resulted in a flawed residual functional capacity ("RFC"). Memorandum in Opposition to the Commissioner's Decision (Doc. No. 20; "Pl.'s Mem."), filed February 12, 2016, at 2 (summary of issues), 5-7 (argument regarding issue one). The second issue, which is essentially contingent on the Court finding error with respect to first issue, is whether the ALJ erred in presenting a hypothetical to the VE that allegedly included the flawed RFC. Id. at 2 (summary of issues), 7-8 (argument regarding issue two). On April 12, 2016, Defendant responded by filing a Memorandum in Support of the Commissioner's Decision (Doc. No. 21; "Def.'s Mem."). After a thorough review of the entire record and consideration of the parties' respective filings, the undersigned finds that the Commissioner's final decision is due to be affirmed for the following reasons.

## II. The ALJ's Decision

When determining whether an individual is disabled,[2] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining

---

[2] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 74-84. At step one, the ALJ observed that Plaintiff "has not engaged in substantial gainful activity since September 1, 2010, the alleged onset date." Tr. at 74 (emphasis and citations omitted). At step two, the ALJ found Plaintiff "has the following severe impairments: status post Aspen stabilization procedure[3] at L5-S1; anxiety; and depression." Tr. at 74 (emphasis and citations omitted). At step three, the ALJ ascertained Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. at 75 (emphasis and citations omitted).

The ALJ determined Plaintiff has the following RFC:

[Plaintiff can] perform light work as defined in 20 CFR [§] 404.1567(b) except he can stand and walk [a] total of four hours and sit four hours in an eight hour workday. [Plaintiff] requires the ability to alternate position from sitting to standing a at [sic] 45 minute intervals. [Plaintiff] can never perform foot control operations. [Plaintiff] can never climb ladders, ropes, or scaffolds, never crawl, but occasionally climb ramps and stairs, and occasionally balance, stoop, kneel, and crouch. [Plaintiff] must avoid all exposure to extreme cold, extreme heat, wetness, humidity, and excessive vibration. [Plaintiff] must avoid work hazards

---

[3] Evidently, Aspen is the name of a device used during certain fusion and stabilization procedures.

> such as moving machinery (including forklifts), and unprotected heights. [Plaintiff] cannot drive in the work setting. [Plaintiff] is limited to simple, unskilled work.

Tr. at 77 (emphasis omitted). At step four, the ALJ found Plaintiff "is unable to perform any past relevant work" as "an insurance representative," a "server," and a "bus boy[.]" Tr. at 82 (some emphasis and citation omitted). At step five, the ALJ considered Plaintiff's age ("42 years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, and relied on the testimony of the VE to find Plaintiff is capable of performing work that exists in significant numbers in the national economy. Tr. at 82-83 (some emphasis omitted). Namely, the ALJ found Plaintiff can perform representative jobs such as "bench worker," "assembler," and "inserter stuffer[.]" Tr. at 83. The ALJ concluded that Plaintiff "has not been under a disability . . . from September 1, 2010 through the date of th[e D]ecision." Tr. at 83 (emphasis and citation omitted).

### III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is not for this Court to reweigh the evidence; rather, the entire

record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

The undersigned addresses the issues together. In doing so, the undersigned first discusses the applicable law regarding an ALJ weighing medical opinions, assessing an RFC, and posing a hypothetical to a VE at step five. Second, the undersigned summarizes Plaintiff's arguments and the findings of the ALJ in the instant case. Third, the undersigned analyzes the issues.

The Regulations establish a "hierarchy" among medical opinions[4] that provides a framework for determining the weight afforded each medical opinion: "[g]enerally, the opinions of examining physicians are given more weight than those of non-examining physicians[;] treating physicians[' opinions] are given more weight than [non-treating physicians;] and the opinions of specialists are given more weight on issues within the area of expertise than those of non-specialists." McNamee v. Soc. Sec. Admin., 164 F. App'x 919, 923 (11th Cir. 2006) (citing 20 C.F.R. § 404.1527(d)(1), (2), (5)). The following factors

---

[4] "Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2); see also 20 C.F.R. § 404.1513(a) (defining "[a]cceptable medical sources").

are relevant in determining the weight to be given to a physician's opinion: (1) the "[l]ength of the treatment relationship and the frequency of examination"; (2) the "[n]ature and extent of [any] treatment relationship"; (3) "[s]upportability"; (4) "[c]onsistency" with other medical evidence in the record; and (5) "[s]pecialization."  20 C.F.R. §§ 404.1527(c)(2)-(5), 416.927(c)(2)-(5); see also 20 C.F.R. §§ 404.1527(e), 416.927(e).

An ALJ is required to consider every medical opinion. See 20 C.F.R. §§ 404.1527(c), 416.927(c) (stating that "[r]egardless of its source, we will evaluate every medical opinion we receive").  While "the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion," Oldham v. Schweiker, 660 F.2d 1078, 1084 (5th Cir. Unit B. 1981) (citation omitted); see also 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2), "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor," Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1179 (11th Cir. 2011) (citing Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir.1987)); see also Moore v. Barnhart, 405 F.3d 1208, 1212 (11th Cir. 2005); Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations."  20 C.F.R. § 404.1545(a)(1).  It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy.  20 C.F.R. § 404.1545(a)(5).  In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider

a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

An ALJ poses a hypothetical question to a VE as part of his step-five determination of whether the claimant can obtain work in the national economy. See Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002) (citation omitted). When the ALJ relies on the testimony of a VE, "the key inquiry shifts" from the RFC assessment in the ALJ's written decision to the adequacy of the RFC description contained in the hypothetical posed to the VE. Corbitt v. Astrue, No. 3:07-cv-518-J-HTS, 2008 WL 1776574, at *3 (M.D. Fla. Apr. 17, 2008) (unpublished) (citation omitted). "[F]or a [VE]'s testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." Wilson, 284 F.3d at 1227 (citation omitted).

Here, Plaintiff argues the ALJ erred in assigning "some weight" to Dr. Gupta's opinion and then incorporating a portion of the opinion in the RFC because the ALJ mischaracterized the doctor's opinion regarding the amount of walking/sitting/standing Plaintiff can do in a workday. Pl.'s Mem. at 6. Specifically, Plaintiff focuses on the following language in the Decision:

> [Dr. Gupta] was of the opinion that [Plaintiff] would be able to . . . stand and walk 4 hours and sit 4 hours in an eight hour workday. . . .
>
> . . .
>
> I give some weight to the opinion of Dr. Gupta, that [Plaintiff] is capable of limited light work, with the ability to stand and walk 4 hours and sit 4 hours in an eight hour workday.

Tr. at 79, 81 (citation omitted). As Plaintiff points out, see Pl.'s Mem. at 6, Dr. Gupta's specific opinion was as follows. Plaintiff can sit three hours at a time without interruption; Plaintiff can stand one hour at a time without interruption; and Plaintiff can walk one hour at

a time without interruption. Tr. at 595. As far as total hours in an eight-hour workday, Plaintiff can sit four hours; Plaintiff can stand two hours; and Plaintiff can walk two hours. Tr. at 595. According to Plaintiff, Dr. Gupta's opinion was more restrictive than the ALJ characterized it to be, and by mischaracterizing the opinion, the ALJ arrived at a flawed RFC determination. Pl.'s Mem. at 6-7. Then, says Plaintiff, the flawed RFC caused the hypothetical to the VE to be flawed. Id. at 7-8.

The ALJ did not err in assigning some weight to Dr. Gupta's opinion and then assessing an RFC that, among other things, limited Plaintiff to "stand[ing] and walk[ing a] total of four hours and sit[ting] four hours in an eight hour workday," and "the ability to alternate position from sitting and standing a at [sic] 45 minute intervals." Tr. at 77. To the extent Plaintiff argues the opinion was mischaracterized by the ALJ, the undersigned disagrees. The ALJ simply combined the portions of the opinion stating that Plaintiff can stand two hours and walk two hours, to determine that Plaintiff can "stand and walk [a] total of four hours[.]" Tr. at 77. And, the ALJ sufficiently accounted for Dr. Gupta's opinion that Plaintiff can sit three hours at a time, stand one hour at a time, and walk one hour at a time without interruption, Tr. at 595, by allowing Plaintiff "the ability to alternate position from sitting to standing a at [sic] 45 minute intervals," Tr. at 77.

Even if the ALJ did err by assigning a flawed RFC in the written Decision, the error would be harmless. During the hearing, when posing the hypothetical to the VE, the ALJ actually posed a more restrictive hypothetical that limited Plaintiff to sedentary work with additional restrictions, Tr. at 40, rather than light work with additional restrictions as the ALJ found in the written Decision, Tr. at 77. With sedentary work, an individual is mainly expected to sit throughout the day, even though "walking and standing are required

occasionally[.]" 20 C.F.R. § 404.1567(a).  Light work, which is less restrictive, requires "a good deal of walking or standing[.]" 20 C.F.R. § 404.1567(b).  In response to the hypothetical limiting Plaintiff to sedentary work with additional restrictions, the VE testified that Plaintiff can perform a number of representative jobs that exist in significant numbers in the national economy, Tr. at 41, which testimony the ALJ adopted as the step five finding, Tr. at 83.

The ALJ recognized the discrepancy in the written Decision, stating that "the hypothetical [RFC] posed to the [VE] during the hearing was somewhat more restrictive tha[n] the [RFC] assessed in [the Decision.] The jobs identified by the [VE] could also be performed by an individual with the less restrictive [RFC] assessed in th[e D]ecision." Tr. at 83 n.1.  In other words, although the ALJ ultimately decided that Plaintiff can do more than he asked the VE about, the VE's testimony provides substantial evidence to support the ALJ's ultimate step five finding.  So, even if the ALJ should have assessed an RFC in the written Decision that is more restrictive, as Plaintiff contends, the more restrictive hypothetical posed during the hearing cured any error in the RFC in the written Decision.

## V. Conclusion

After a thorough review of the entire record, the undersigned finds that the Commissioner's final decision is supported by substantial evidence.  Accordingly, it is

**ORDERED**:

1.   The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) **AFFIRMING** the Commissioner's final decision.

    2.    The Clerk is further directed to close the file.

**DONE AND ORDERED** at Jacksonville, Florida on September 15, 2016.

JAMES R. KLINDT
United States Magistrate Judge

kaw
copies:
counsel of record